UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SAMANTHA J. YAKOVLEVA,**

    **Plaintiff,**

v.

**EQUIFAX INFORMATION SERVICES, LLC,**

    **Defendant.**

_____/

Case No.: 8:24-cv-02086

**JURY TRIAL DEMANDED**

## COMPLAINT

**COMES NOW**, Plaintiff, SAMANTHA J. YAKOVLEVA (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues the Defendant, EQUIFAX INFORMATION SERVICES, LLC (hereinafter, "Equifax"). In support thereof, Plaintiff states:

## PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Fair Credit Reporting Act, 15 United States Code, Section 1681 *et seq*. (hereinafter, the "FCRA") wherein Equifax—despite Plaintiff repeatedly disputing the inaccurate credit reporting of the subject hard inquiry directly to Equifax—failed to properly investigate/reinvestigate and continued to inaccurately report a hard inquiry on Plaintiff's' consumer credit report in violation of the FCRA.

2. Congress included a mechanism in the FCRA by which consumers may dispute inaccurate or incomplete information in their credit files. When a consumer notifies a credit reporting agency that he or she disputes "the completeness or accuracy of any item of information contained in [his or her] file," the CRA must "conduct a reasonable investigation to determine whether the disputed information is inaccurate and record the current status of the disputed

information, or delete the item from the file" within 30 days of receiving the consumer's dispute. 15 U.S.C. § 1681i(a)(1)(A).

3. As part of the reinvestigation, a CRA must "provide notification of the dispute to any person who provided any item of information in dispute," and the notice must "include all relevant information regarding the dispute that the agency has received from the consumer …" 15 U.S.C. § 1681i(a)(2)(A). Contacting the source of the disputed information is critical to a reasonable investigation.

**JURISDICTION, VENUE & PARTIES**

4. Jurisdiction of this Court arises under 28 United States Code, Section 1331 as well as pursuant to the FCRA, 15 United States Code Section 1681, *et seq*.

5. Equifax is subject to the jurisdiction of this Court as Equifax regularly transacts business in this District, and the events described herein occurred in this District.

6. Venue is proper in this District as the acts and transactions described herein occurred in this District.

7. At all material times herein, Plaintiff was and is a natural person and consumer residing in Pasco County, Florida. At all material times herein, Plaintiff was a "consumer" as defined by 15 United States Code, Section 1681a(c).

8. At all material times herein, Equifax was and is a foreign limited liability company existing under the laws of the state of Georgia with its principal place of business located at 1550 Peachtree Street, NW, Atlanta, GA 30309.

9. At all material times herein, Equifax is a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of

furnishing consumer reports.

10. At all material times herein, Defendant acted itself or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

11. All necessary conditions precedent to the filing of this action occurred, or Defendant waived the same.

## FACTUAL ALLEGATIONS

12. This case is about Equifax's failure to fulfill its statutory duties with respect to consumer disputes of inquiry information.

13. Equifax does not reinvestigate disputed inquiries; does not notify the source of the disputed inquiry about the consumer's disputes of the information; does not provide the source with all the relevant information about the dispute; does not even read the information provided by the consumer in support of the dispute; and does not delete disputed inquiries that it cannot verify.

14. These failures not only violate consumer's FCRA rights to dispute, they also undermine the accuracy of information within consumer reports because consumers often notice inaccurate information of which the reporting CRA is unaware. The FCRA's dispute procedure is the singular method (outside of litigation) by which consumers can correct errors in their credit files.

15. On November 28, 2023, Plaintiff received notification from a credit monitoring service that a hard inquiry was reported on her Equifax credit report by furnisher, Security Finance. Security Finance is a personal installment loan company located in Pasadena, Texas. The hard inquiry involved an application for a loan in the amount of $1,200 made at Security Finance's

Pasadena office. Plaintiff never made an application to Security Finance for a loan.

16. Plaintiff subsequently filed a complaint against Security Finance and Equifax with the Consumer Financial Protection Bureau ("CFPB"). In response, Security Finance filed a statement from their assistant general counsel stating, in pertinent part: "We understand Ms. Yakovleva to allege she has a hard inquiry reporting on her credit report that she does not recognize and believes was fraudulently obtained … *Our investigation did not allow us to conclusively prove that the above-referenced application was not fraudulently initiated in Ms. Yakovleva's name related to our Security Finance branch office in Pasadena, TX. Therefore, out of an abundance of caution, we are submitting a request to the credit reporting agencies to whom we report, Equifax and TransUnion, to delete the inquiry from Ms. Yakovleva's credit report*." (Emphasis added).

17. Enclosed with Security Finance's statement was a copy of the loan application. The loan application misspelled Plaintiff's name as "Yakovoeza." The loan application also listed Plaintiff's address as 4266 Arnand Dr., Pasadena, TX 77505. Plaintiff has never lived in Texas. The phone number identified on the loan application does not belong to Plaintiff, and the current employer along with the job title are also incorrect. The loan application used Plaintiff's social security number and date of birth. The loan application was made without Plaintiff's consent, knowledge, or approval. Accordingly, Plaintiff's personal identification information had been fraudulently used in an attempt to procure a loan.

18. January 3, 2024, Plaintiff filed an online dispute with Equifax concerning the Security Finance hard inquiry (Equifax Confirmation # 4003595985) (hereinafter referred to as "First Dispute"). Enclosed with Plaintiff's First Dispute was a copy of the Security Finance

4

statement to the CFPB.

19. On January 3, 2024 – *the same day Plaintiff submitted her First Dispute* – Equifax responded. Despite Security Finance's clear instruction to delete the hard inquiry from Plaintiff's report, Equifax's reinvestigation results said that "INQUIRIES ARE A FACTUAL RECORD OF FILE ACCESS AND WILL REMAIN ON THE EQUIFAX CREDIT FILE TWO YEARS FROM THE REPORTED DATE OF THE INQUIRY."

20. In May, 2024, Plaintiff filed a complaint with the CFPB against Equifax. Equifax again failed to delete the hard inquiry from Plaintiff's credit report.

21. On or about July 9, 2024, Plaintiff obtained another copy of her credit report from Equifax (Report Confirmation 4692583709). According to the report, the Security Finance hard inquiry was still being reported on Plaintiff's Equifax credit report.

22. Shortly thereafter, on July 23, 2024, Plaintiff sent a letter to Equifax *again* disputing the inaccurate information (hereinafter, "Second Dispute"). The Second Dispute *again* referenced and enclosed the Security Finance statement and *again* advised that the loan was applied for by someone using Plaintiff's identity without her authorization.

23. Equifax received the Second Dispute. Despite Plaintiff's Second Dispute and the enclosed Security Finance statement instructing Equifax to delete the hard inquiry from Plaintiff's credit report, Equifax did not correct the disputed inaccurate information after purportedly re-investigating the Second Dispute. Rather, Equifax's response states "PLEASE CONTACT THE CREDITOR DIRECTLY AND FOLLOW THEIR INTERNAL FRAUD PROCEDURES. INQUIRIES ARE A FACTUAL RECORD OF FILE ACCESS. SHOULD YOU HAVE REASON TO BELIEVE THIS INQUIRY WAS UNAUTHORIZED, Inquiry Date: 11/28/2023 CR

SECURITY FINANCE …"

24. Equifax did not reinvestigate Plaintiff's dispute. Equifax did not contact Security Finance. Equifax did not even read Security Finance's statement to the CFPB (which was provided by Plaintiff to Equifax in support of her dispute) instructing Equifax to delete the hard inquiry from Plaintiff's credit report.

25. Equifax recognizes its obligations to reinvestigate disputed information and to contact the source as part of that reinvestigation. However, Equifax deliberately fails to comply with these legal requirements. Equifax tells the consumer to contact the source of the inquiry if the consumer believes it is unauthorized/fraudulent. The FCRA requires that Equifax, not the consumer, contact the source.

26. Equifax's continued reporting of the fraudulent hard inquiry has caused Plaintiff worry, frustration and mental distress. There is an appearance on Plaintiff's credit report of an inquiry that should not be there. This causes Plaintiff harm because it misrepresents her consumer credit history by making it appear as though she applied for a loan that she in fact did not apply for. Equifax's credit report confirms this fact by stating "A request for your credit history is called an inquiry. There are two types of inquiries – those that may impact your credit rating/score and those that do not. Inquiries that may impact your credit/rating score. *Hard Inquiries*. These are inquiries made by companies to whom you have applied for a loan or credit. They may remain in your file up to 2 years." Listing an inquiry on a consumer report that does not belong to that consumer misrepresents that consumer's credit history regarding the number of times, and with whom, the consumer has sought credit or services. It also unfairly lowers the consumer's credit score.

27. Furthermore, Plaintiff took time to request and review her Equifax file (more than

once), draft complaints to the CFPB, draft her first dispute to Equifax, review Equifax's response, draft a Second Dispute, and send the Second Dispute (at her own cost) via U.S. certified return receipt mail, and review Equifax's form response to the Second Dispute. Unfortunately, Plaintiff's time and expense was a waste due to Equifax's policy of summarily categorizing and handling hard inquiry disputes without a thorough investigation and without contacting the furnisher or even reading the information Plaintiff provided in support of her dispute. Due to Equifax's conduct,

## COUNT ONE
## FAIR CREDIT REPORTING ACT –
## VIOLATION OF 15 UNITED STATES CODE, SECTIONS 1681i(a)(1) and (2)

Plaintiffs re-allege paragraphs 1 through 27 as if fully restated herein and further states as follows:

28. Equifax received notice from Plaintiff that she disputed the accuracy of the Security Finance inquiry on her Equifax credit report.

29. Equifax is subject to, and violated the provisions of, 15 United States Code, Sections 1681i(a)(1) and (2), by failing to (a) reinvestigate the disputed inquiry, notify the source of the inquiry about the dispute; and provide the source with all relevant information Plaintiff provided to Equifax; or (b) delete the inquiry.

30. Equifax willfully and/or negligently failed to comply with the requirements of FCRA sections 1681i(a)(1) and (2) by refusing to properly re-investigate Plaintiff's consumer report upon receiving Plaintiff's dispute, as described herein.

31. For example, despite receiving Plaintiff's dispute, Equifax's re-investigation was not conducted in such a way as to assure the maximum possible accuracy of the information being reported on Plaintiff's credit report.

32. Specifically, despite Plaintiff's dispute detailing Equifax's inaccurate reporting of

the unauthorized Security Finance hard inquiry, Equifax continued to inaccurately report the hard inquiry.

33. Such reporting is false and evidences Equifax's failure to conduct reasonable re-investigations of Plaintiff's dispute.

34. Equifax's actions in violation of 15 United States Code, Section 1681i(a)(1) and (2), constitute negligent or willful noncompliance—or both—with the FCRA, and entitles Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

## COUNT TWO
## FAIR CREDIT REPORTING ACT –
## VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i(a)(4)

Plaintiff re-alleges paragraph 1 through 27 as if fully restated herein and further states as follows:

35. Equifax is subject to, and violated the provisions of, 15 United States Code, Section 1681i(a)(4), by failing to review and consider all relevant information received in Plaintiff's Dispute, including all relevant attachments.

36. Specifically, Plaintiff provided Equifax with Security Finance's statement which says, in pertinent part: "*Our investigation did not allow us to conclusively prove that the above-referenced application was not fraudulently initiated in Ms. Yakovleva's name related to our Security Finance branch office in Pasadena, TX. Therefore, out of an abundance of caution, we are submitting a request to the credit reporting agencies to whom we report, Equifax and TransUnion, to delete the inquiry from Ms. Yakovleva's credit report*." (Emphasis added).

37. Accordingly, had Equifax actually reviewed the information provided by Plaintiff as part of her dispute, Equifax would have possessed actual knowledge that the Security Finance

loan application was done fraudulently and that Security Finance instructed Equifax to delete the hard inquiry. Despite this, Equifax willfully and/or negligently failed to review and consider all information received in Plaintiff's dispute, including the Security Finance statement.

38. Equifax's failure to review and consider all information received in Plaintiff's dispute, including all relevant attachments, was done in bad faith.

39. Equifax's actions in violation of 15 United States Code, Section 1681i(a)(4), constitute negligent or willful noncompliance—or both—with the FCRA, and entitles Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 USC, Sections 1681n or 1681o, or both.

## COUNT THREE
## FAIR CREDIT REPORTING ACT –
## VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i(a)(5)

Plaintiff re-alleges paragraphs 1 through 27 as if fully restated herein and further states as follows:

40. Equifax is subject to, and violated the provisions of, 15 United States Code, Section 1681i(a)(5), by failing to update or delete any information that was the subject of Plaintiff's dispute as inaccurate or that could not be verified.

41. Specifically, Security Finance's statement instructed Equifax to delete the hard inquiry from Plaintiff's credit report. Yet, Equifax willfully and/or negligently failed to delete the hard inquiry from Plaintiff's credit report.

42. As a result of Equifax's conduct, actions, and inactions, Plaintiff incurred wasted time and expense in disputing the credit report and a diminished credit score.

43. Equifax's actions were a direct and proximate cause of, as well as a substantial

9

factor in, Plaintiffs' injuries, damages, and harm as more fully stated herein.

44. Equifax's actions in violation of 15 United States Code, Section 1681i(a)(5), constitute negligent or willful noncompliance—or both—with the FCRA, and entitles Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 USC, Sections 1681n or 1681o, or both.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendant's conduct, Plaintiff respectfully requests an entry of:

    a.    Judgment against Equifax for maximum statutory damages for violations of the FCRA;

    b.    Actual damages in an amount to be determined at trial;

    c.    Punitive damages in an amount to be determined at trial;

    d.    An award of attorney's fees and costs; and

    e.    Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable.

Respectfully submitted,

**FOWKES & HASANBASIC**

/s/ *Paul R. Fowkes*
**Paul R. Fowkes Esq., FBN 723886**
**Ryan C. Hasanbasic, Esq., FBN 44119**
1807 Short Branch Drive, Ste. 101
Trinity, FL 34655
Phone: (727) 500-1010
Fax: (727) 943-3203
paul@fhlawpa.com
ryan@fhlawpa.com
*Counsel for Plaintiff*